UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KALLABAT AND
LINDA KALLABAT,

        Plaintiffs,

        Case No. 15-CV-12212

vs.

        HON. GEORGE CARAM STEEH

CHARTER TOWNSHIP OF COMMERCE,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO SET ASIDE DEFAULT AND ALLOW DEFENDANT TO FILE
AN ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT [DOC. 5]

After this lawsuit was removed to this court from Oakland County Circuit Court, defendant failed to file a timely answer to the amended complaint and plaintiffs requested a clerk's entry of default. Defendant moved to set aside the default and be permitted to file an answer. Having carefully reviewed the parties' briefs, the court has determined that oral argument is not necessary. For the reasons set forth below, the entry of default shall be set aside and defendant is granted leave to file an answer to the amended complaint.

BACKGROUND

On November 21, 2013, plaintiffs, through their contractor John Rice, applied for approval of a site plan to construct an inground swimming pool on their property. Jay James, a building official of defendant Charter Township of Commerce, reviewed the proposed site plan, which showed the location of the swimming pool approximately six

feet from the side yard line between the plaintiffs' yard and their neighbor to the north. Mr. James believed the side yard setback required by the Commerce Township Zoning Ordinance allowed the swimming pool to be constructed as close as 5 feet to the side yard setback. Mr. James approved the plan and issued a building permit to the plaintiffs on November 21, 2013.

Plaintiffs' contractor dug the hole and began to build the walls of the swimming pool in November and December of 2013. Re-rod was placed and gunite was applied and then construction was halted for the winter. In May of 2014, plaintiffs' neighbors, Mr. and Mrs. Washko, complained to the Township that the swimming pool was not 10 feet from the side yard line. After investigating the complaint, Mr. James discovered that the zoning ordinance required a 10 foot side yard setback and realized that he had made a mistake in issuing the building permit. Mr. James verbally advised plaintiffs to stop work on the pool on May 27, 2014, and then issued a written stop work order on June 17, 2014. No further work has been done to the plaintiffs' pool.

On June 26, 2014, plaintiffs applied for a variance, which was denied by the Commerce Zoning Board of Appeals. The Zoning Board denied the application for a variance, acknowledging that the building permit was issued in error, but noting that the denial was in accordance with the Michigan Building Code. A written denial of plaintiffs' variance request was issued on August 6, 2014. Plaintiffs appealed the decision to the Oakland County Circuit Court. On August 11, 2015, the Oakland County Circuit Court issued an opinion and order upholding and affirming the denial of the variance by the Zoning Board of Appeals. Specifically, the circuit court held:

> The need for a variance was caused by Plaintiffs' failure to build in accordance with the ordinance.  While the Township erred in issuing the building permit, the Michigan Building Code specifically contemplates such a situation and provides that a permit presuming to give authority to violate an ordinance is not valid.  Michigan Building Code, R 105.4.  In addition, the Code specifically authorizes a building official to revoke a permit issued in error or in violation of an ordinance.  Michigan Building Code, R 105.6.

*Kallabat v. Charter Township of Commerce*, OCCC Case No. 2014-142717-AV, p. 8.

While their appeal was pending, plaintiffs filed this lawsuit on October 23, 2014 in the Oakland County Circuit Court alleging violation of vested rights, equitable estoppel and permanent injunction.  The parties conducted written discovery and defendant took the depositions of both plaintiffs and Mr. Rice.  During discovery, plaintiffs learned of four examples of pools that violated the setback provision, which violation was clear on the face of the plans, but which defendant approved and against which defendant refused to enforce the setback provision.  On the basis of this evidence, plaintiffs filed a motion to amend the complaint to add breach of substantive due process and equal protection counts.  Defendant opposed the motion to amend on the basis that such amendment would be futile as plaintiffs had no vested property right upon which to base a substantive due process claim and that plaintiffs could not prevail on an equal protection class of one theory since defendant had a rational basis upon which to base its actions, i.e., the township zoning ordinance.  The court granted plaintiffs' motion to amend on June 3, 2015 and plaintiffs filed their First Amended Complaint on June 11, 2015.

Defendant filed a notice of removal to this court on June 18, 2015 based on federal question jurisdiction.  Under Federal Rule 81(c)(2), an answer to the amended

complaint was due 21 days after defendant received a copy of the amended complaint, which was July 2, 2015. Defendant's counsel mistakenly thought the due date for filing the answer was 28 days, and diaried it as being due on July 9, 2015 on his calendar. On July 6, 2015, plaintiffs requested clerk's entry of default against defendant.

## STANDARD OF LAW

Federal Rule of Civil Procedure 55(c) provides "[t]he court may set aside an entry of default for good cause . . . ." The Sixth Circuit has noted that a more lenient standard controls where there has been only an entry of default, and not an actual default judgment. *Shepherd Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Under Rule 55(c), the district court must consider three factors to evaluate whether to set aside a default: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Raimondo v. Village of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002). The court must consider all three factors, but when the first two factors weigh in favor of setting aside the default, it is an abuse of discretion for the district court to deny the motion absent wilful failure on the part of the defendant to appear and plead. *Id.* Moreover, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Resolution of a case on the merits is preferable to default judgment. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

ANALYSIS

A.   Prejudice to the Plaintiffs

Plaintiffs argue that defendant has taken actions to delay the litigation in this case, from challenging the filing of the amended complaint, to removing the action to this court, to cancelling depositions, to failing to file a timely answer. This pattern of delay is allegedly a cause of prejudice to plaintiffs in the form of added legal expenses and time delays. Defendant responds by referring to e-mail communications between counsel which demonstrate that defense counsel informed plaintiffs' counsel of the need to reschedule various deposition because of his vacation schedule. In fact, on July 6, 2015, the same day plaintiffs filed their request for clerk's entry of default, defendant sent an email attempting to reschedule depositions. Plaintiffs' counsel refused to select dates pending the default and defendant's pending motion to set aside default. Defendant offers the emails as evidence of plaintiffs causing delays in the progress of the case.

In spite of plaintiffs' assertion of prejudice, the court does not see how any potential prejudice is directly due to defendant's failure to timely file an answer to the amended complaint. Plaintiffs have not shown any tangible harm if the entry of default is set aside. Accordingly, this factor favors setting aside the default.

B.   Meritorious Defense

Next, the court considers what defense the Township has to the allegations of the amended complaint. In considering whether the Township has a meritorious defense, the court must resolve all disputed facts in the light most favorable to the defendant. *INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398

(6th Cir.), *cert. denied*, 484 U.S. 927 (1987). The facts of this case are not contested. The pool, at its current location, is in violation of Commerce Township Ordinance § 33.03(2) as a portion of the pool is closer than 10 feet from the north neighbor's side yard. There is also no question that Mr. James issued the plaintiffs a building permit in error. Michigan law addresses the issue of governmental officials issuing building permits that purport to allow construction in violation of an ordinance. The law holds that the government "may not be estopped by acts of its officers or agents in violation of positive law, as by acts in violation of a zoning ordinance or of fire regulations." *Fass v. City of Highland Park*, 326 Mich. 19, 28 (1949) (citation omitted). Furthermore, "plaintiffs acquired no vested right to use their property for a purpose forbidden by law." *Id.* at 31.

Counts V and VII of the amended complaint attempt to set forth causes of action for violation of substantive due process. However, because Michigan law provides that plaintiffs do not acquire vested rights to use their property for any purpose forbidden by law, defendant has stated a meritorious defense to these claims. Similarly, in Counts IV and VI, plaintiffs allege claims for violation of equal protection, claiming that others in the Township have violated the 10 foot setback requirement so plaintiffs should also be allowed to benefit from such a violation. When a plaintiff does not claim to be part of a protected class, it is known as an equal protection "Class of One Claim." To proceed on such a theory, a plaintiff must demonstrate that the challenged government action treats similarly situated people differently and lacks a rational basis for doing so. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir 2005) (citation omitted). The lack of a rational basis may be shown either by negating every conceivable basis which might

support the government action, or by showing that the challenged action was motivated by animus or ill will. *Radvanski v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

Under rational basis scrutiny, any governmental action is a constitutional violation only if it "is so unrelated to the achievement of any combination of legitimate purposes that the Court can only conclude that the government's actions were irrational." *Warren*, 411 F.3d at 710 (citation omitted). The stop work order was issued in reliance on Commerce Township Ordinance § 33.03 which requires a 10 foot setback. There is a real rationale for the issuance of the stop work order. Moreover, plaintiffs cannot show animus or ill will because plaintiffs cannot show that the actions of the Township were unrelated to defendant's official duties.

Should defendant come forward with compelling evidence to support its claims, it appears that it would prevail on the merits. The Oakland County Circuit Court's order affirming the decision of the Zoning Board of Appeals further supports defendant's argument that it has a meritorious defense. Accordingly, the second factor weighs in favor of setting aside the default.

C.   Culpability of the Defendant

Having shown that there is no prejudice to the plaintiffs if the default is set aside, and that defendant has a meritorious defense, the defendant's conduct will be viewed as culpable only if the defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shephard Claims*, 796 F.2d at 194. Plaintiffs have shown neither here. Defendant's counsel has admitted his mistake in thinking he had 28 days rather than 21 days to file an answer. A

mistake is not the same thing as willful intent to delay the case or to gain a strategic advantage.  Other than plaintiffs' counsel's assertions, there is no evidence that defendant has done anything wrong in this case, other than lacking knowledge of the court rule applying to the due date for an answer following removal to federal court.  Nothing suggests that defendant has acted in any way other than in good faith.

## CONCLUSION

For the reasons stated above, defendant's motion to set aside the default and permit defendant to file an answer to the amended complaint is GRANTED.

SO ORDERED.

Dated:  August 18, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 18, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk